UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Samuel Lopez,

      Plaintiff,
vs.

1492 Myrtle LLC, and
Rico Chimi Myrtle Ave Corp.,

      Defendants.

## COMPLAINT

Plaintiff, SAMUEL LOPEZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, 1492 MYRTLE, LLC and RICO CHIMI MYRTLE AVE CORP. (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

### JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Eastern District.

### PARTIES

1

3.      Plaintiff, SAMUEL LOPEZ, is over the age of 18, *sui juris*, and a resident of Queens County, New York. Plaintiff has paraplegia, is bound to ambulate in a wheelchair, and is a qualified individual under the ADA.

4.      Defendant, 1492 MYRTLE, LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, 1492 MYRTLE, LLC, is the owner of the Subject Premises located at 1492 Myrtle Avenue, Brooklyn, NY 11237.

5.      Defendant, RICO CHIMI MYRTLE AVE CORP., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district, and is the owner/operator of the restaurant "RICO CHIMI" located at the Subject Premises at 1492 Myrtle Avenue, Brooklyn, NY 11237.

6.      According to the New York State Liquor Authority, the Defendant, RICO CHIMI MYRTLE AVE CORP.," was issued an On Premises Wine license on June 25, 2023 and renewed the same on May 29, 2025 for the Subject Premises.

7.      RICO CHIMI, located at 1492 Myrtle Avenue in Brooklyn, New York, is a restaurant specializing in Dominican street food. The establishment offers a variety of traditional dishes, including chimichurris, mofongos, and other Latin American specialties, in a casual dining environment. The Plaintiff appreciates the quality of the cuisine and the ambiance at RICO CHIMI. However, despite the Plaintiff's appreciation for the establishment, significant accessibility barriers hinder their ability to fully utilize the facilities, in violation of the ADA.

**FACTUAL ALLEGATIONS AND CLAIM**

8.      Plaintiff has visited the Subject Property which forms the basis of this lawsuit in October 2024 and again on May 26, 2025. On such occasions, the Plaintiff's ability to ambulate

2

through the entrance of the Subject Property was constrained, hindered, and thwarted by the structural barriers, to wit; two concrete steps directly interceding between the sidewalk and entrance door of the facility, and that which was incompatible for wheeled ambulation. More specifically, for purposes of this suit, a rising wooden steps were entirely unnavigable for Plaintiff's wheelchair during his visit, without any call or buzzer device, and thus after coming upon the architectural barrier step, it was entirely untraversable, thus preventing him from accessing the public services therein.

      **9.** Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

      **10.** Plaintiff lives only several miles from the Defendants' Facility, passes by the Defendants' Facility at least once per week when he is doing errands, visiting family and friends throughout the borough, and looking to drink and eat out. Moreover, the Defendants' Facility is in a neighborhood that Plaintiff dines out at least two to three times per month. Foremost, Plaintiff has partaken at, and in, nearly all of the neighboring restaurants surrounding the subject facility that are all without obstructions about twice per month, including but not limited to the the Fansway Teriyaki Kitchen, Taqueria Acatlan, Mirinda's Grill, and the La Pontraca bar amongst many others; and thereon affirms that he would eat at the Defendant's restaurant and avail himself of the goods and services offered to the public, were it not for the structural barriers inhibiting his ability to enter the subject facility and utilize the facilities, tables, and seating, all, in direct contravention of Title III of the ADA and provisions under the ADAAG.

      **11.** Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with

Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

12.    Plaintiff visited the Facility and encountered barriers to access at the Facility no less than two times, specifically in October 2024 and again on May 26, 2025, engaged the barrier when attempting to approach the entrance door, wherein Plaintiff encountered a set of architectural barrier steps before the entrance; and upon realizing the wheelchair could not safely traverse, caused Plaintiff to turn back and suffer legal harm and injury thereafter. There was no apparent mechanism for assistance, or other means for traversing said architectural barriers at these visits. Plaintiff will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth in greater detail herein. The Plaintiff continues to dine out in the neighborhood of the Defendants' subject property, and specifically plans to visit this subject property this summer and autumn with family and friends for nights out, as well as holidays and events; and will thereon continue to attempt to access the services and facilities at said premises which have been deprived at all times material.

1.    Plaintiff has suffered harm and both direct and indirect injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described in further detail herein, and only upon Court intervention can these violations of Plaintiff's civil rights be remedied.

13.    On or about October 2024 and again on May 26, 2025, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

14.     Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

15.     Plaintiff restates Paragraphs 1-14 as though fully set forth herein.

16.     Defendants, 1492 MYRTLE, LLC and RICO CHIMI MYRTLE AVE CORP., have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

17.     1492 MYRTLE, LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

18.     RICO CHIMI MYRTLE AVE CORP., as the operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

19.     The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

1. Inaccessible entrance.
2. Accessible route to establishment not provided as required.

5

3. Accessible means of egress not provided as required.

4. Existing steps at entrance act as a barrier to accessibility.

5. Required ramp not provided for steps at entrance.

> ADAAG 206 Accessible Routes
> ADAAG 206.1 General.
> Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
> ADAAG 206.2 Where Required.
> Accessible routes shall be provided where required by 206.2.
> ADAAG 206.2.1 Site Arrival Points.
> At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
> ADAAG 206.4 Entrances.
> Entrances shall be provided in accordance with 206.4.
> Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
> ADAAG 207 Accessible Means of Egress
> ADAAG 207.1 General.
> Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
> ADAAG 402 Accessible Routes
> ADAAG 402.1 General.
> Accessible routes shall comply with 402.
> ADAAG 402.2 Components.
> Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
> ADAAG 403 Walking Surfaces
> ADAAG 403.4 Changes in Level.
> Changes in level shall comply with 303.
> ADAAG 303.4 Ramps.
> Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

6. Required minimum maneuvering clearance not provided at entrance door.

7. Non-compliant change in floor level within required maneuvering clearance at entrance door.

    ADAAG 206 Accessible Routes
    ADAAG 206.1 General.
    Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
    ADAAG 206.2 Where Required.
    Accessible routes shall be provided where required by 206.2.
    ADAAG 206.2.1 Site Arrival Points.
    At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
    ADAAG 206.4 Entrances.
    Entrances shall be provided in accordance with 206.4.
    Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
    ADAAG 206.4.1 Public Entrances.
    In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.
    ADAAG 207 Accessible Means of Egress
    ADAAG 207.1 General.
    Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
    ADAAG 404.2.4 Maneuvering Clearances.
    Minimum maneuvering clearances at doors and gates shall comply with 404.2.4.
    Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.
    ADAAG 404.2.4.4 Floor or Ground Surface.
    Floor or ground surface within required maneuvering clearances shall comply with 302.
    Changes in level are not permitted.

8. Inaccessible service counter.

9. Non-compliant height of service counter exceeds maximum height allowance.

    ADAAG227 Sales and Service
    ADAAG 227.1 General.
    Where provided, check-out aisles, sales counters, service counters, food service lines, queues, and waiting lines shall comply with 227 and 904.
    ADAAG 904.4 Sales and Service Counters.
    Sales counters and service counters shall comply with 904.4.1 or 904.4.2.

7

> The accessible portion of the counter top shall extend the same depth as the sales or service counter top.
> ADAAG 904.4.1 Parallel Approach.
> A portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor shall be provided. A clear floor or ground space complying with 305 shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter.

10. Inaccessible dining tables.

11. A minimum percentage of existing dining tables required to be accessible not provided.

12. Required minimum knee and toe clearance not provided at dining tables.

    > ADAAG 226 Dining Surfaces and Work Surfaces
    > ADAAG 226.1 General.
    > Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
    > ADAAG 902 Dining Surfaces and Work Surfaces
    > ADAAG 902.1 General.
    > Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
    > ADAAG 902.2 Clear Floor or Ground Space.
    > A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
    > ADAAG 306.2 Toe Clearance.
    > ADAAG 306.2.3 Minimum Required Depth.
    > Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
    > ADAAG 306.2.5 Width.
    > Toe clearance shall be 30 inches (760 mm) wide minimum.
    > ADAAG 306.3 Knee Clearance.
    > ADAAG 306.3.3 Minimum Required Depth.
    > Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
    > ADAAG 306.3.5 Width.
    > Knee clearance shall be 30 inches (760 mm) wide minimum.

13. Non-compliant height of dining tables exceeds maximum height allowance.

    > ADAAG 226 Dining Surfaces and Work Surfaces
    > ADAAG 226.1 General.

>Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
>ADAAG 902.3 Height.
>The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

14. Inaccessible dining counter.

15. Non-compliant height of dining counter exceeds maximum height allowance.

16. Required minimum toe clearance not provided at dining counter.

17. Portion of dining counter required to be accessible not provided.

>ADAAG 226 Dining Surfaces and Work Surfaces
>ADAAG 226.1 General.
>Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
>ADAAG 902 Dining Surfaces and Work Surfaces
>ADAAG 902.1 General.
>Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
>Advisory 902.1 General.
>Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.
>ADAAG 902.3 Height.
>The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.
>ADAAG 306.2 Toe Clearance.
>ADAAG 306.2.3 Minimum Required Depth.
>Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

18. Inaccessible door lock at restroom door.

19. Non-compliant door lock at restroom door exceeds maximum height allowance and requires pinching of fingers.

>ADAAG 404 Doors, Doorways, and Gates ADAAG 404.1 General.
>Doors, doorways, and gates that are part of an accessible route shall comply with 404.
>ADAAG 404.2.7 Door and Gate Hardware.
>Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4. Operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finish floor or ground.

9

>ADAAG 309.4 Operation.
>Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

20. Inaccessible light switch in restroom.

21. Non-compliant height of light switch in restroom exceeds maximum height allowance.

>ADAAG 205 Operable Parts
>ADAAG 205.1 General.
>Operable parts on accessible elements, accessible routes, and in accessible rooms and spaces shall comply with 309.
>ADAAG Advisory 205.1 General.
>Controls covered by 205.1 include, but are not limited to, light switches, circuit breakers, duplexes and other convenience receptacles, environmental and appliance controls, plumbing fixture controls, and security and intercom systems.
>ADAAG 309.3 Height.
>Operable parts shall be placed within one or more of the reach ranges specified in 308.
>ADAAG 308.2 Forward Reach.
>ADAAG 308.2.1 Unobstructed.
>Where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.
>ADAAG 308.2.2 Obstructed High Reach.
>Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches (1220 mm) maximum where the reach depth is 20 inches (510 mm) maximum. Where the reach depth exceeds 20 inches (510 mm), the high forward reach shall be 44 inches (1120 mm) maximum and the reach depth shall be 25 inches (635 mm) maximum.
>ADAAG 308.3 Side Reach.
>ADAAG 308.3.1 Unobstructed.
>Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches (1220 mm) maximum and the low side reach shall be 15 inches (380 mm) minimum above the finish floor or ground.
>EXCEPTIONS: 1. An obstruction shall be permitted between the clear floor or ground space and the element where the depth of the obstruction is 10 inches (255 mm) maximum.
>ADAAG 308.3.2 Obstructed High Reach.
>Where a clear floor or ground space allows a parallel approach to an element and the high side Reach is over an obstruction, the height of the obstruction shall be

    34 inches (865 mm) maximum and the depth of the obstruction shall be 24 inches (610 mm) maximum. The high side reach shall Be 48 inches (1220 mm) maximum for a reach depth of 10 inches (255 mm) maximum. Where the reach depth exceeds 10 inches (255 mm), the high side reach shall be 46 inches (1170 mm) maximum for a reach depth of 24 inches (610 mm) maximum.

22. Required minimum turning space not provided in restroom.

    ADAAG 603 Toilet and Bathing Rooms
    ADAAG 603.1 General.
    Toilet and bathing rooms shall comply with 603.
    ADAAG 603.2 Clearances. Clearances shall comply with 603.2.
    ADAAG 603.2.1 Turning Space.
    Turning space complying with 304 shall be provided within the room.
    ADAAG 304.3.1 Circular Space.
    The turning space shall be a space of 60 inches (1525 mm) diameter minimum. The space shall be permitted to include knee and toe clearance complying with 306.

23. Inaccessible water closet in restroom.

24. Required minimum clearance not provided at water closet in restroom.

    ADAAG 604 Water Closets and Toilet Compartments
    ADAAG 604.3 Clearance.
    Clearances around water closets and in toilet compartments shall comply with 604.3.
    ADAAG 604.3.1 Size.
    Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

25. Required grab bar not provided on rear wall of water closet in restroom.

    ADAAG 604 Water Closets and Toilet Compartments
    ADAAG 604.5 Grab Bars.
    Grab bars for water closets shall comply with 609.
    Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

26. Non-compliant existing grab bar at side wall of water closet in restroom does not meet minimum size requirement.

    ADAAG 604 Water Closets and Toilet Compartments
    ADAAG 604.5.1 Side Wall.

    The side wall grab bar shall be 42 inches (1065 mm) long minimum, located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

27. Inaccessible lavatory in restroom.

28. Required minimum clear floor space not provided at lavatory in restroom.

    ADAAG 606 Lavatories and Sinks.
    ADAAG 606.2 Clear Floor Space.
    A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.
    ADAAG 305.3 Size.
    The clear floor or ground space shall be 30 inches (760 mm) minimum by 48 inches (1220 mm) minimum.

29. Required minimum knee and toe clearance not provided at lavatory in restroom.

    ADAAG 606 Lavatories and Sinks.
    ADAAG 606.2 Clear Floor Space.
    A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.
    ADAAG 306.2 Toe Clearance.
    ADAAG 306.2.3 Minimum Required Depth.
    Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
    ADAAG 306.2.5 Width.
    Toe clearance shall be 30 inches (760 mm) wide minimum.
    ADAAG 306.3 Knee Clearance.
    ADAAG 306.3.3 Minimum Required Depth.
    Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
    ADAAG 306.3.5 Width.
    Knee clearance shall be 30 inches (760 mm) wide minimum.

30. Non-compliant faucet knobs at lavatory in restroom require twisting of the wrist.

    ADAAG 606 Lavatories and Sinks.
    ADAAG 606.4 Faucets.
    Controls for faucets shall comply with 309.
    Hand-operated metering faucets shall remain open for 10 seconds minimum.
    ADAAG 309 Operable Parts
    ADAAG 309.4 Operation.

>Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds (22.2 N) maximum.

20. Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

21. In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

22. Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

23. The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

24. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

**RELIEF SOUGHT**

25. Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

26. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

27. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC

        5 West 19th Street, 10th Floor
        New York, NY 10011
        (212) 433-2554

By:  /s/ Maria-Costanza Barducci
      Maria-Costanza Barducci, Esq.
        *Attorney for Plaintiff*
      Bar No. 5070487
      MC@BarducciLaw.com